G.B., a minor child, by and through his guardian T.B.; L.B., a minor child, by and through his parent V.R.; J.A., a minor child, by and through his parent M.F.; S.S., a minor child, by and through his parent V.S.; S.R., a minor child, by and through her parent E.R.; S.M., a minor child, by and through her parent E.B.; A.S., a minor child, by and through his parent C.S.; C.L., a minor child, by and through his parent K.M., and all others similarly situated; K.M., a minor child, by and through his parent S.T.; J.G., a minor child, by and through his parent B.G.; G.D., a minor child, by and through his parent L.D.; M.M., a minor child, by and through his parent L.M., and all others similarly situated; D.C., a minor child, by and through his parent J.C., and all others similarly situated; N.P., a minor child, by and through his parent D.P.; B.B., a minor child, by and through his parent S.B., Plaintiffs–Appellants,

A.D., a minor child, by and through his parent J.D., Plaintiff

v.

Gladys CARRIÓN, in her official capacity as Commissioner of the New York State Office of Children and Family Services, Defendant–Appellee,

Dale Ware, YDA, Edward Davis, YDA, Alexander McCready, YDA, Deporta, Paris, Thompson, Pacette, Cotton, Gal, Bill McMorris, YDA, Matthew Laubach, YDA, Visconi, YDA, Wisell, YDA, Joel Dejesus, YDA, Gavin, YDA, Crockett, YDA, Aviles, YDA, Campbell Campbell, YDA, Eddie Mollette, YDA, Mitch Yanick, YDA, Phillip Palomino, YDA, Watson, YDA, M. Sawitsky, YDA, Luis Rosado, YDA, Rajeb Masesi, YDA, Eric Vincent, YDA, R. Curtis, YDA, Young, YDA, Joanne Lehr, YDA, Vicky Hughes, YDA, Robert Laconte, YDA, M. Hyacinth, YDA, Gulotta, YDA, Jeffrey Benton, YDA, William Coulman, YDA, Ryan Casey, YDA, Nancy Jablonski, Banta, YDA, Flynn, Rec Specialist, Watson, YDA, Rodriguez, YDA, Kagonyera, YDA, Hewes, Brewster, Hepburn, Williams, Rolette, Garity, Jenson, Smith, Gavough, Keith Nash, NDA, W. Davis, YDA, Howd, YDA, D. Manti, YDA, Hollenback, YDA, John Paz, AOD, Rutland, AOD, Daniel Bernhardt, Dwayne Creque, YDA, Spencer, YDA, Lucas, YDA, Brumfield, YDA, Vonderchek, YDA, Gregory Fish, YDA, Bryan Chapman, YDA, Sefaris, YDA, Winnick, YDA, Brett Rockefeller, Sergeant, Fred Welch, Sergeant, Wood, Sergeant, McEntee, First Sergeant, Dallas Eccleston, Sergeant, Palmer, Sergeant, Timothy Kinch, AOD First Sergeant, Michael Townsend, Ser-

geant, Richard Lalosh, YDA, John Does, 1–27, in their Individual Capacities, Mohan, YDA, Clow, Jeffrey Halpern, Robert Knox, Defendants.*

No. 12–721–CV.

United States Court of Appeals, Second Circuit.

June 22, 2012.

Marc R. Shapiro (J. Peter Coll, Jr., Alison Roffi, Rene Kathawala, Orrick, Herrington & Sutcliffe LLP, New York, New York; Steven Banks, Tamara Steckler, Lisa Freeman, Christine L. Bella, The Legal Aid Society, New York, New York, on the brief), Orrick, Herrington & Sutcliffe LLP, New York, NY, for Appellant.

Simon Heller, Assistant Solicitor General (Barbara D. Underwood, Solicitor General; Cecelia C. Chang, Matthew W. Grieco, Assistant Solicitors General, on the brief), for Eric T. Schneiderman, Attorney General of the State of New York, New York, NY, for Appellee.

PRESENT: GUIDO CALABRESI, GERARD E. LYNCH and RAYMOND J. LOHIER, JR., Circuit Judges.

## SUMMARY ORDER

This appeal arises from an undisputed history of unconstitutional physical abuse of children sent to New York state's juvenile detention system, supervised by the New York State Office of Child and Family Services ("OCFS"). Defendant-appellee Gladys Carrión has been Commissioner of OCFS since 2007. In December 2007, the United States Department of Justice ("DOJ") began an investigation of OCFS's disciplinary practices to determine wheth-

---

* The caption has been modified to correct typographical errors. The Clerk of Court is re- spectfully requested to revise the caption accordingly.

er youth detained in specified OCFS facilities were adequately protected from unconstitutional uses of physical restraints. The DOJ concluded its investigation in 2008, finding that OCFS staff had failed to protect youth committed to their care. Specifically, the DOJ report stated, "(1) staff resort quickly to a high degree of force that is disproportionate to the level of the youth's infraction; and (2) the technique employed to restrain a youth results in an excessive number of injuries." [1]

On December 30, 2009, plaintiffs-appellants ("Appellants") sued Carrión and the other defendants in the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge.*). The suit, which sought class certification, also alleged excessive force in violation of Appellants' due process rights under the Fourteenth Amendment of the United States Constitution, and sought injunctive relief and damages pursuant to 42 U.S.C. § 1983. In April 2010, Appellants sought a preliminary injunction that would (1) enjoin OCFS from using physical restraints of any kind absent a showing of imminent harm to a resident, (2) ban the use of prone restraints in any situation, and (3) require Carrión and her subordinates to provide to Appellants' counsel all records regarding any instance of physical restraint. Meanwhile, on July 14, 2010, the DOJ initiated suit against OCFS regarding conditions at four specific OCFS facilities, and simultaneously entered a settlement agreement with New York State ("the DOJ Settlement"), in the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*). The DOJ Settlement requires OCFS to modify its policies and practices regarding the use of physical restraints, but does not require that OCFS ban the use of prone restraints altogether.

Although the period of compliance with the DOJ Settlement—which can be extended if necessary—was and still is ongoing, on October 19, 2011, Appellants renewed their motion for a preliminary injunction. On January 19, 2012, after two days of hearings, the district court denied the motion. Appellants now challenge that denial.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20, 129 S.Ct. 365. The district court, in determining that Appellants failed to meet this exacting standard, concluded inter alia that while Appellants unquestionably demonstrated irreparable harm, they failed to show a likelihood of future success on their legal claim that Carrión is personally liable for the actions of specified staff members at specified OCFS facilities.

"We review the denial of a preliminary injunction motion deferentially for abuse of discretion," *Pope v. Cnty. of Albany*, 687 F.3d 565, 570 (2d Cir.2012), and will not reverse the district court unless "there has been a clear showing that the [district court] abused [its] discretion," *Bryan v. Koch*, 627 F.2d 612, 616 (2d Cir.1980) (internal quotation marks omitted). "An abuse of discretion occurs if the district

---

1. The referenced technique is the "prone restraint," a technique, in the district court's description, whereby an "individual is placed face down on the ground with his or her arms held behind the back. If executed improperly, a prone restraint can present risk of serious injury or death."

court (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Oneida Nation of N.Y. v. Cuomo*, 645 F.3d 154, 164 (2d Cir.2011) (citation and internal quotation marks omitted).

Appellants fail to make the required showing. Appellants' principal argument is that the district court erred by analyzing their assertion of Carrión's personal liability under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and its progeny, especially *Reynolds v. Giuliani*, 506 F.3d 183 (2d Cir.2007). Appellants argue that because *Monell* established the framework for analyzing assertions of supervisory liability applicable only in the context of municipalities, any personal liability for Carrión, a state supervisor, should be assessed under the factors announced in *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995).

We need not here reconcile any arguable differences among the formulations of legal standards regarding supervisory liability set forth in various prior cases. We conclude that, whatever the likelihood that responsibility for any past abuses can be attributed to Carrión or other supervisory personnel, the district court did not abuse its discretion in determining that an injunction is not required at this time.

Carrión readily agrees with Appellants both that OCFS employees have violated Appellants' constitutional rights and that previous OCFS policies in guiding staff members' behavior have contributed to those violations. Pursuant to the DOJ Settlement, but more broadly even than that Settlement requires, Carrión has begun changing those policies, including in ways that Appellants seek in the proposed preliminary injunction. Those reform efforts are ongoing.

Significantly, this is not a case in which officials accused of past violations argue that an injunction is unnecessary based on a mere profession that they are doing the best they can to remedy the situation. *Cf. Brown v. Plata*, —— U.S. ——, 131 S.Ct. 1910, 1931, 179 L.Ed.2d 969 (2011) (finding that the State's effort to reduce its prison population was insufficient to justify reversing the lower court's granting of injunctive relief). Carrión and OCFS have not asked the district court to rely on their professed good intentions or minor modifications to the practices and policies that have produced unconstitutional physical restraints against Appellants. They have entered a binding settlement agreement with the DOJ that *requires* such changes, and under that settlement the district court for the Northern District of New York retains jurisdiction to supervise OCFS's compliance. Moreover, OCFS itself has adopted a new, protective Crisis Prevention and Management Policy designed to prevent the mistreatment of youths in OCFS facilities, including those facilities not covered by the DOJ Settlement.

In addition, the district court in this case also retains the authority, and has expressed its willingness, to "reconsider its position" regarding the need for injunctive relief if progress towards implementing the new policies is unjustifiably delayed. In light of this ongoing judicial supervision, we cannot say that the district court abused its discretion by allowing the legal processes already initiated—including Appellants' own suit—to continue their course.

Finally, to the extent that Appellants contend that the DOJ Settlement is inadequate because it does not prohibit the use of prone restraints in all circumstances, we agree with the district court that Appellants have not shown a likelihood of suc-

cess in establishing that such restraints are always unconstitutional. Under the Prison Litigation Reform Act, which applies in this case, injunctive relief must be "narrowly drawn" and "extend no further than necessary to correct the harm the court finds requires preliminary relief." 18 U.S.C. § 3626(a)(2). The district court did not abuse its discretion in deferring to Carrión's determination that the prone technique may, in limited and controlled circumstances, still be necessary.

We have considered Appellants' remaining arguments in support of immediate preliminary relief, and find them to be without merit. We emphasize that we need not and do not express any opinion on the ultimate merits of this case, or on whether preliminary relief might become appropriate at some future time. For the foregoing reasons, the judgment of the district court is AFFIRMED.